UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD C. THOMAS** | : | **DOCKET NO. 13-cv-102** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **J. UPTON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Summary Judgement filed on May 4, 2015, by the defendant, J. Upton who seeks dismissal of the petitioner's application for a writ of *habeas corpus*. Despite being given ample time to do so, petitioner has not responded and the motion is therefore unopposed.

For the reasons set forth below, we recommend that summary judgment be **GRANTED** and that petitioner's *habeas* application be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On March 5, 2012, prison staff discovered a cell phone in the attic area of "B Dorm" at the Federal Prison Camp at USP Atlanta, which was later linked to the petitioner, Donald C. Thomas (hereinafter "petitioner"). Doc. 16, att. 1, p. 2. He was charged with a violation of Prohibited Act Code 108 (Possession of a Hazardous Tool) and appeared before a Disciplinary Hearing Officer ("DHO") who reviewed the incident report filed in conjunction with the alleged violation. *Id*. At hearing, after considering evidence including 1) a photograph of the cell phone, 2) the chain of custody/evidence report, 3) a forensics report, 4) Trulinks (phone) data linked directly to

-2-

Petitioner, and 5) the petitioner's written statement, the DHO found that a violation had occurred and imposed a penalty consisting *inter allia* of a loss of 40 days good conduct time. *Id.* The DHO finalized his report on October 19, 2012, four days before the petitioner was transferred from USP Atlanta to FCI-O (Federal Correctional Institution-Oakdale) in Oakdale, Louisiana. *Id.*

Between September 25, 2012, and December 10, 2012, petitioner filed three administrative appeals challenging both the hearing and the incident report upon which the DHO had relied in making his decision. All three were rejected because he had not provided a copy of the DHO's report and/or because said report had not yet been finalized.[1] Doc. 18, att. 2, pp. 6-9. Following these denials, petitioner filed a petition for a writ of *habeas corpus* in this court on January 15, 2013, and was thereafter transferred to the Hope Village, Residential Re-Entry Center (halfway house) near Washington D.C. *Id.* at pp. 1-4. He was released from BOP custody on February 5, 2014, and is currently serving a 36-month term of supervised release. *Id.*

On October 4, 2013, the U.S. Attorney received service of process with respect to the *habeas* and filed a response on October 29, 2013. At that time, it was discovered that petitioner had never received a copy of the DHO report and one was subsequently sent to him. It was received on October 30, 2013. *Id.* at p. 11.  Since receiving the report, petitioner has apparently not pursued any further administrative appeal seeking to challenge either the report or the DHO hearing. In his federal *habeas* petition, he challenges the DHO report arguing 1) that there was not enough evidence to find him guilty of the charges against him and 2) that he did not receive a copy of the DHO report. Accordingly, he asks that we "terminate" the incident report upon which the DHO relied at hearing from his "Central File." Doc. 1, att. 1, p. 6.

---

[1] Because of his transfer from USP Atlanta to FCI-O, petitioner did not receive a copy of the DHO report until October 30, 2013. Doc. 18, att. 2, p. 11.

The defendant has filed the instant motion for summary judgment, claiming that there is no genuine issue as to any material fact in this case because (1) the "some evidence" standard generally applied to prison disciplinary proceedings was clearly met in this case since there was substantial evidence of petitioner's guilt and the DHO properly considered all of it to reach his decision, and (2) although petitioner did not receive a copy of the DHO report until nearly year after it was issued, he was not prejudiced by the delay. Finally, says the defendant, there having been no prejudice, the petitioner has failed to exhaust his administrative remedies because since receiving the DHO report he has not filed an administrative appeal, nor has he made any further attempt to prosecute his case. Doc. 18, att. 1, pp. 4-9. As noted, defendant's motion is unopposed.

## II.
### LAW & ANALYSIS

#### A. *Summary Judgment*

Summary judgment should be granted when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The moving party is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant satisfies this burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is

warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)).  When faced with an absence of proof, there is no assumption made that the nonmoving party could or would prove the necessary facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).  Nonetheless, "[i]f the [nonmoving party] does not…respond, summary judgment should, if appropriate, be entered against that party." See Fed. R. Civ. P 56(e)(2).

Where the nonmoving party has not responded, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule."  Unif. Loc. R. La. LR 56.2.   The petitioner herein did not respond to the instant motion, and so the statement of uncontested facts presented by defendant herein is deemed admitted as true.

### B.  *Habeas Relief Under 28 U.S.C. § 2241*

Pursuant to 28 U.S.C. § 2241, a federal prisoner may challenge the manner in which his sentence is being executed by filing an application for a writ of *habeas corpus* in the judicial district where he is incarcerated. In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. § 2241(c)(3) Here, petitioner asserts he was

denied his rights to procedural due process because the DHO's finding of guilt was based on evidence insufficient to support the disciplinary charge. As a result of that finding, petitioner lost forty days of good conduct time.

### 1. "Some Evidence" Standard

Federal prisoners have liberty interests in their accumulated good-time credit. See *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Therefore and because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs the review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) that upon review, at least "some evidence" support the ruling. 472 U.S. at 454; 418 U.S. at 556. Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." 472 U.S. at 454–55; *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001). Finally, information provided in a written incident report *standing alone* can satisfy the "some evidence" standard. *Id.* at 536-37.

In this case, the DHO relied on a wide range of investigations, photographs, reports, and statements to reach his conclusion that the petitioner was guilty of the violation with which he was charged. Specifically, the DHO considered the following: (1) a photograph of the cell phone, 2)

the chain of custody/evidence report, 3) a forensics report, 4) Trulinks (phone) data linked directly to Petitioner, and 5) petitioner's written statement. Doc. 1, att. 2, pp. 3-7; Doc. 16, att. 1, pp. 1-3, 10-15. Accordingly, we are satisfied that the "some evidence" standard was met here, and that there was more than enough information available to support the DHO's finding of guilt.

### 2. *Prejudice in Belated Delivery of DHO Report*

While it is well-established that prisoners are entitled to written records and notice in disciplinary proceedings in order to adequately defend themselves against constitutional violations, the defendant, here, is correct in pointing out that "before [a federal court] will issue a writ of habeas corpus, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation...." *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (citing *Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.1991) and *Clark v. Maggio,* 737 F.2d 471, 475–76 (5th Cir.1984)) (internal quotations omitted). See also *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Dixon v. Hastings*, 202 F. App'x 750, 752 (5th Cir. 2006).

Here, the defendant has conceded that there was delay in sending petitioner a copy the DHO report, but petitioner has not shown any prejudice as a result of that delay. Although, we fully recognize that three of his attempted administrative appeals were denied specifically because he had not provided a copy of the DHO's report, the record clearly reflects that he had ample opportunity to file another appeal after he finally received it on October, 2013. In his answer to the *habeas* petition, the defendant states that while remedy requests are generally untimely after 20 days, "policy allows for an extension where the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.14(b). In this case, the Mid-Atlantic Regional Office was notified to ensure any administrative remedy request is accepted and not rejected as untimely." Doc. 16, p. 4. We see

no reason to doubt that assertion, and thus, conclude that petitioner has not been prejudiced by the delay in his receiving the DHO's report.

### 3. Failure to Exhaust Administrative Remedies

Finally, the Fifth Circuit has long noted that before seeking federal *habeas* relief under § 2241, a prisoner must first have exhausted the administrative remedies provided by the Bureau of Prisons. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007); *United States v. Gabor*, 905 F.2d 76, 78 at n.2 (5th Cir. 1990); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *Lundy v. Osborn*, 555 F.2d 534, 534–35 (5th Cir. 1977). See also *Hamilton v. Holt*, 2010 WL 148175, at *2 (W.D. La. Jan. 12, 2010). Here, the record shows that petitioner has not done so. Since receiving a copy of the DHO report, petitioner has not attempted to file an appeal, nor does it appear that he has taken any action whatsoever in moving this case forward. Indeed, he failed to answer the instant petition despite having nearly four months to do so.

Furthermore, as we noted above, because the petitioner has failed to respond, the local rules of this court require us to deem admitted each statement of uncontested fact presented by the defendant herein. *See* discussion, *supra* at p. 4 (citing Unif. Loc. R. La. LR 56.2). The defendant has specifically included within its "Statement of Material Undisputed Facts," a declaration that "Thomas did not attempt to appeal the DHO report after October 30, 2013." Accordingly, we are bound to conclude that petitioner's administrative remedies were never exhausted.

### III.
#### CONCLUSION

For the reasons stated above, we find that the defendant has met his burden of showing that there is no genuine issue as to any material fact on the record in this case and that he is, therefore, entitled to summary judgment as a matter of law. Accordingly, we recommend that the defendant's

Motion for Summary Judgment be **GRANTED** and that the petitioner's claims be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 2nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE